UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

---

JAMES LEE

   Plaintiff,

 v.            Civil Action No.

GARNER & CONNER, PLLC AND
CAVALRY PORTFOLIO SERVICES, LLC

   Defendants.

---

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4. Plaintiff, James Lee ("Plaintiff"), is a natural person who at all relevant times resided in the State of Tennessee and City of Clarksville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Garner & Conner, PLLC ("Garner") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Garner is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Cavalry Portfolio Services, LLC, ("Cavalry") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Cavalry is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Garner.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Garner, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Garner.

13. Garner uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. Cavalry purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. Cavalry acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. Cavalry is thoroughly enmeshed in the debt collection business, and Cavalry is a significant participant in Garner's debt collection process.

17. Defendant Garner, itself and on behalf of Defendant Cavalry, in connection with the collection of an alleged debt owed by Plaintiff, obtained a default judgment against Plaintiff, without having perfected service upon Plaintiff, and initiated garnishment proceedings against Plaintiff upon said judgment.

18. In both instances, Defendants took such actions in connection with a debt that Plaintiff had paid/settled in full prior to said actions being taken by Defendants, constituting a false representation of the legal status of Plaintiffs alleged debt, and a misrepresentation and deceptive practice in connection with Defendants' attempts to collect an alleged debt. (15 U.S.C. §§ 1692e(2)(A), 1692f).

19. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I—VIOLATIONS OF THE FDCPA
## DEFENDANT GARNER

20. Plaintiff repeats and re-alleges each and every allegation above.

21. Defendant Garner violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Garner violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II—VIOLATIONS OF THE FDCPA
## DEFENDANT CAVALRY

22. Plaintiff repeats and re-alleges each and every allegation above.

23. Defendant GC violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that GC violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 28, 2010

>Respectfully submitted,
>
>James Lee
>
>By: /s/Craig Ehrlich
>Craig Ehrlich
>Attorney for Plaintiff
>Weisberg & Meyers, LLC
>5722 S. Flamingo Road, #656
>Cooper City, FL 33330
>Telephone: (602) 445 9819
>Facsimile: (866) 565 1327
>Email: CEhrlich@AttorneysForConsumers.com

*Please send correspondence to the address below*

>Craig Ehrlich
>Weisberg & Meyers, LLC
>Attorneys for Plaintiff
>5025 N. Central Ave. #602
>Phoenix, AZ 85012